Defendants move to dismiss plaintiff's appeal to the Full Commission due to plaintiff's failure to file a Form 44 or brief. The undersigned, noting plaintiff's pro se status, and in the interest of justice pursuant to Rule 801 of the Workers' Compensation Rules, HEREBY WAIVE the technical requirements of Rule 701 and allow oral argument by plaintiff to be considered in this matter. According, defendants' motion to dismiss is HEREBY DENIED.
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Subsequent to submitting his contentions, defense counsel moved to substitute a page in Dr. Matthews' deposition, citing a transcription mistake by the court reporting service that took Dr. Matthews' deposition. Defendants provided a statement from the court reporting service indicating their belief that a transcription error had been made, and provided a substitute page correcting the error. Plaintiff's then counsel objected to the motion because his recollection of Dr. Matthews' testimony differs.
The undersigneds' review of the original tape of Dr. Matthews' testimony, which the involved court reporting service provided, indicates that Dr. Matthews used the phrase "don't think" rather than "would think" in the disputed part of his deposition testimony. The tape was retained and marked as Industrial Commission Exhibit No. 1 for the purpose of the certain appeal of this case.
Based upon context of both the remainder of Dr. Matthews' answer to the particular question as well as his overall testimony, the undersigned are of the opinion that Dr. Matthews' testimony was mis-transcribed. As a result defense counsel's Motion is GRANTED by receiving the corrected page of Dr. Matthews' deposition into evidence.
****************
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows:
FINDINGS OF FACT
1. Plaintiff is an unemployed, 57 year old married male with 36 years experience as an eyelet tool and die maker. He has a GED (high school equivalency certificate) as well as a year and a half of college from Kansas City State College. In addition, he has vocational/technical school training in a number of fields, including, but not limited to, tool and die, mechanical, welding, body and fender and heavy equipment. Since last working for defendant-employer in June of 1994, plaintiff has not looked for work.
2. In June of 1991, plaintiff initially became employed by defendant-employer as a machine operator. At the time of his compensable injury he was operating a spline roller machine. In the course of operating the same machine on September 9, 1991, plaintiff sustained the admittedly compensable left leg injury, which was the subject of the prior Industrial Commission Award. The injury occurred when a pair of approximately six to seven pound axles came out of the spline roller and struck the lateral aspect of plaintiff's left leg in the knee area, which knocked him backwards into a steel basket.
3. Plaintiff was initially treated by Dr. John Blue, but was subsequently referred thereby to a neurologist, Dr. Charles Matthews, who provided a conservative course of treatment for the resulting sciatic nerve contusion he sustained from the compensable injury. The injury manifested itself with pain and numbness in his leg as well as foot weakness.
4. With treatment, plaintiff's condition improved, as evidenced by the fact that the subsequent EMG he underwent no longer showed any evidence of denervation. As a result of his recovery, in January of 1992, plaintiff was able to return to work for defendant-employer on a light duty basis. He initially worked at a bench de-burring parts, but a month later he was able to resume his regular job as a machine operator. He was able to continue regularly working until June of 1994.
5. During the period that he was unable to work following the compensable injury, plaintiff received compensation benefits under the Industrial Commission's prior award. Again, plaintiff returned to work in January of 1992.
6. In January of 1992, because he was also complaining of left knee pain, Dr. Matthews referred plaintiff to an orthopedic surgeon, Dr. Charles Beemer, for evaluation and treatment of his complaints. Dr. Beemer saw him on six occasions between January 3, 1992 and July 21, 1992 and provided a conservative course of treatment, including physical therapy. In physical therapy, plaintiff did not give a constant effort toward rehabilitating his knee, and plaintiff is not a candidate for knee surgery.
At defendant-carrier's request plaintiff was seen by Dr. Peter Gilmer for an independent medical evaluation of his left knee. Although Dr. Gilmer recommended that plaintiff undergo an arthroscopic examination of his knee, plaintiff was not interested in knee surgery. Further he is not a candidate for surgery because he has not suffered from any type of internal knee derangement repairable by surgery.
There is no convincing or credible evidence that plaintiff has suffered any type of permanent left leg injury or any resulting permanent partial disability of the left leg from the left leg injury he sustained on September 9, 1991.
7. Until returning to Dr. Matthews a year and a half later, after he returned to work in January of 1992, plaintiff was last seen by Dr. Matthews on April 14, 1992, at which time he was at full employment and doing quite well. When he returned to Dr. Matthews a year and a half later, however, plaintiff was experiencing progressively worsening essential whole body pain involving his back, hips, buttocks and legs. These were entirely new complaints from the ones he suffered at the time of his September 9, 1991 left leg injury.
8. Prior to November 30, 1994 plaintiff had not complained of these symptoms to any of the physicians that saw him for the purpose of evaluation and/or treatment, including Doctors Blue, Matthews, Beemer and Gilmer. He had not complained of this type of essential whole body pain; but rather, had complained of only symptoms involving his injured leg.
9. The type of disabling essential whole body pain that plaintiff now suffers did not develop until after plaintiff had been back at work performing his regular machine operator's duties for a year and a half. This was more than two years after his original left leg injury and is unrelated to the same injury.
10. Because Dr. Matthews could not explain plaintiff's complaint neurologically, he referred him to an orthopedic surgeon specializing in spinal problems, Dr. William Lestini. Dr. Lestini also could not find an anatomical lesion to account for the same symptoms. Despite multiple imaging studies and physical exams, none of the physicians involved have been able to find a focal etiology to explain plaintiff's condition on an anatomical basis. In view of his exaggerated and atypical symptoms, which are much in excess of any underlying impairment that he suffers from whatever cause and which do not correlate with any objective physical examination, an accurate assessment of the degree of his pain is not possible. Although plaintiff himself attributes his allegedly totally incapacitating essential whole body pain to the left leg injury sustained on September 9, 1991, there is no physical organic basis for the same pain. Further, there is no convincing, credible medical or other evidence that plaintiff's current symptoms are a result of the same injury. Rather, according to the convincing, credible medical and other evidence, his current condition developed a year and a half after he returned to work in January of 1992 and developed wholly independent of the prior compensable injury by accident.
****************
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. On September 9, 1991, plaintiff sustained the admittedly compensable left leg injury, which gave rise to the Industrial Commission's prior award. Pursuant to that award, he was compensated for his resulting total disability until he returned to work for defendant-employer in January of 1992. Plaintiff's resulting disability ended when he returned to work for defendant-employer in January of 1992, and he was thereafter able to continue working for approximately a year and a half until developing the alleged chronic incapacitating pain giving rise to his claim for additional compensation benefits. This alleged pain required him to return to his primary treating physician for further medical treatment.
2. Plaintiff has not proven by the preponderance of the credible or convincing evidence that his allegedly totally disabling essential whole body pain is a result of the left leg injury sustained on September 9, 1991. Rather, according to the convincing, credible medical and other evidence, these symptoms developed a year and a half after his disability ended from his September 9, 1991 back injury when he returned to work in January of 1992 and came about wholly independent from the compensable incident.
****************
Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim for additional compensation and/or medical compensation benefits must be and IS HEREBY DENIED.
2. Each side shall bear its own costs. As part of their cost, defendants shall pay an expert witness fee in the amount of $225 to Dr. S. David Ciliberto, who appeared by way of deposition and gave expert medical testimony herein, as well as the expert witness fees previously awarded Doctors Lestini and Matthews for their testimony to the extent the same has not already been paid.
This the __________ day of ___________________, 1996.
 S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/nwm